IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

840 NEWPORT CENTER DRIVE, SUITE 400
NEWPORT BEACH, CA 92660-6324
TELEPHONE (949) 760-0991
FACSIMILE (949) 760-5200

1800 AVENUE OF THE STARS, SUITE 900
LOS ANGELES, CALIFORNIA 90067-4276

TELEPHONE (310) 277-1010
FACSIMILE (310) 203-7199
WEBSITE: www.irell.com

June 12, 2015

Daniel E. O'Toole
Chief Executive and Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20005

      Re:    *Illumina, Inc. v. Ariosa Diagnostics, Inc.*, Case No. 14-1815

Dear Admiral O'Toole:

Appellee Ariosa Diagnostics, Inc. ("Ariosa") submits this letter brief pursuant to the Court's June 5, 2015 request for additional briefing. (Dkt. 52). As discussed below, Ariosa respectfully submits that the district court's order denying Illumina, Inc.'s ("Illumina") motion to dismiss is not an appealable order and on that basis alone this Court should decline to hear Illumina's appeal.

**I.**    **Factual Background**

On June 30, 2014, Illumina filed a "Motion to Dismiss Counterclaims and Strike Defenses" pursuant to Fed. R. Civ. P. 12(b)(6) in the parties' district court litigation. JA00114. Illumina contended that Ariosa's breach of contract counterclaims did not relate "to issues of scope, infringement, validity, and/or enforceability of any" Illumina intellectual property—disputes that were exempted from arbitration under the parties' contract. JA00120-22. Accordingly, Illumina

3437068

argued that, if Ariosa desired to pursue those counterclaims, Ariosa could do so only through arbitration. JA0116. Thus, Illumina requested that the district court "dismiss Ariosa's claims for breach of contract without leave to amend." JA0122. Illumina did not ask the district court to compel Ariosa to arbitrate its breach of contract counterclaims, to order both parties into arbitration, or for any other relief. *See* JA0120-25. Nor did Illumina rely upon, or even reference, the Federal Arbitration Act in its motion. The only remedy Illumina requested was dismissal without leave to amend. JA0122.

The district court denied Illumina's motion to dismiss on August 7, 2014 (the "Dismissal Order"). JA0003-06. As an initial matter, the district court noted that, "[a]lthough arbitration agreements are typically enforced through a motion to compel arbitration and a request to stay the proceedings pursuant to 9 U.S.C. § 3, they may also be enforced through a motion to dismiss." JA0003 n.1. Considering the motion under Rule 12(b)(6), as Illumina intended, the district court concluded that Ariosa's breach of contract counterclaims "unambiguously relate to issues of patent infringement," and thus "decline[d] to dismiss Ariosa's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing based on the arbitration provision contained in" the parties' contract. JA0006. The Dismissal Order is not appealable, and this Court should therefore decline to hear this appeal.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

## II. The Dismissal Order is Not an Appealable Order

Five circuits have considered whether the denial of a motion to dismiss based on an arbitration clause is an appealable order if the movant fails to seek any relief offered by Section 16(a) of the Federal Arbitration Act ("FAA"). Four circuits have answered this question in the negative, with only the Fourth Circuit ruling otherwise under a slightly different analysis. As demonstrated below, the reasoning of these decisions, together with the facts of this case, demonstrates that the Dismissal Order at issue here is not an appealable order.

### A. The Plain Meaning of 9 U.S.C. § 16 Precludes Illumina's Appeal

Section 16(a) of the FAA provides that an "appeal may be taken from," in pertinent part, "(1) an order—(A) refusing a stay of any action under section 3 of this title; (B) denying a petition under section 4 of this title to order arbitration to proceed; [or] (C) denying an application under section 206 of this title to compel arbitration." 9 U.S.C. § 16(a). Because an order denying a motion to dismiss is not one of the enumerated orders from which an appeal "may be taken" under the FAA, there is a "strong presumption" that Congress did not intend to authorize such appeals. *In re City of Houston*, 731 F.3d 1326, 1330-31 (Fed. Cir. 2013) ("There is a strong presumption that the plain language of the statute expresses congressional intent [which] is rebutted only in rare and exceptional circumstances."). Indeed, it is axiomatic that "[s]tatutory construction must begin

with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Engine Mfrs. Ass'n v. South Coast Air Quality Mgmt. Dist.*, 541 U.S. 246, 253 (2004). In addition, "statutes authorizing appeals are to be strictly construed." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 43 (1983). As the D.C. Circuit stated in *Bombardier Corp. v. National R.R. Passenger Corp*, 333 F.3d 250 (D.C. Cir. 2003), "[t]his principle is particularly well-applied" to Section 16 of the FAA "because it authorizes not only appellate jurisdiction, but in some cases, interlocutory appeals which constitute exceptions to the final decision rule of Section 1291." *Id.* at 253.

Therefore, there exists a "strong presumption" based on the plain language of the FAA that only the orders specifically enumerated in Section 16(a) are appealable—and thus an order not enumerated in that statute, such as an order denying a motion to dismiss, is not appealable under Section 16(a). *E.g., Conrad v. Phone Directories Co., Inc.*, 585 F.3d 1376, 1382 (10th Cir. 2009) ("That Congress chose specifically to enumerate the limited conditions under which a non-final order may be appealed argues against our recognizing a further category of permitted appeals, namely, appeals from the denial of motions to dismiss based in part on arbitration agreements."); *Wabtec Corp. v. Faiveley Transport Malmo AB*, 525 F.3d 135, 140 (2d Cir. 2008) ("Under the plain language of 9 U.S.C. § 16(a),

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

the denial of a motion to dismiss based on an arbitration clause is not an order from which an appeal may be taken."); *Bombardier*, 333 F.3d at 254 ("Despite its careful enumeration of appealable orders, Congress did not include the denial of a motion to dismiss.").

### B. Four Circuits Have Interpreted 9 U.S.C. § 16 to Preclude an Appeal From an Order Denying a Motion to Dismiss Unless the Movant Seeks the Relief Available Under the FAA

The First, Second, Fourth, Tenth, and D.C. Circuits have all spoken on the issue currently before this Court.[1] All but the Fourth Circuit have interpreted Section 16(a) of the FAA to require, at a minimum, the moving party to have sought one of the forms of relief offered by the FAA, *i.e.*, a stay, an order to arbitrate, or an order compelling arbitration. *E.g., Conrad*, 585 F.3d at 1383 (concluding that Section 16(a) "permits interlocutory appeals only over those motions brought explicitly pursuant to the FAA, or motions in which it is unmistakably clear that the defendant seeks only the relief offered by the FAA"); *Bombardier*, 333 F.3d at 254 (declining jurisdiction where "unlike a motion to

---

[1] The Third Circuit discussed the issue in *Harrison v. Nissan Motor Corp.*, 111 F.3d 343 (3d Cir. 2008), but did not decide it. Declining appellate jurisdiction because the parties "did not enter into a contract to arbitrate their dispute within the meaning of the FAA," the *Harrison* court noted in *dicta* that "linguistically, a motion to dismiss, even for failure to pursue the statutorily provided threshold arbitral remedy, is a far cry from a 'motion to compel arbitration.'" *Id*. at 349. The court further noted that, in addition to the ground the court reached, one judge on the panel would also dismiss the appeal on the ground that "a motion to dismiss is not a surrogate for a motion to compel arbitration." *Id*. at 349 n.10.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

compel or stay under the FAA," the motion at issue "exhibited no intent to pursue arbitration").

Here, Illumina did not invoke the relief offered by the FAA in its motion to dismiss. Instead, Illumina contended that, "[b]ecause *Ariosa* did not engage in arbitration as required by the [parties' contract], Ariosa's counterclaims for breach of contract must be dismissed." JA00120 (emphasis added). As in *Bombardier*, Illumina sought only "outright dismissal, with no guarantee of future arbitration." 333 F.3d at 254. This is fundamentally different than invoking the relief offered by the FAA and, under the reasoning of four of the Circuit courts to have considered the question, the Dismissal Order is not appealable.[2]

*Bombardier* well illustrates this point. There, the D.C. Circuit concluded that "the district court's order denying the Rule 12(b)(6) motion to dismiss is not one of those enumerated under Section 16(a)(1) or (2), allowing for interlocutory appeal, and therefore, this court lacks jurisdiction to consider this appeal." 333 F.3d at 253. In addition, the court declined to "treat" the "motion to dismiss as a motion to

---

[2] Denying jurisdiction on this ground is not elevating form over substance, as whether the movant seeks relief available under the FAA goes directly to the substance, *i.e.*, whether Section 16 authorizes the appeal. Indeed, none of the cases discussed herein denied jurisdiction solely because the motion was not captioned properly; Ariosa does not advance that standard. Rather, the circuit courts' decisions were based on the substantive fact that the movant did not seek relief authorized by Section 16. *See infra*. Nor can Illumina re-file its motion and seek that relief now, as the district court litigation is stayed.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

compel arbitration or a motion to stay proceedings pending arbitration." *Id*. at 254. Rather, "unlike a motion to compel or stay under the FAA," *and like Illumina's motion here*, the motion to dismiss "exhibited no intent to pursue arbitration—indeed, it sought outright dismissal with no guarantee of future arbitration." *Id*.

The First Circuit applied the same reasoning in *Fit Tech, Inc. v. Bally Total Fitness Holding Corp.*, 374 F.3d 1 (1st Cir. 2004), and similarly focused on the relief requested in the underlying motion. *Id*. at 6. In particular, the court stated that if the movant "had wanted a dismissal but no decision by the arbitrator," then it "would refuse to entertain an appeal" to provide a reference to arbitration that the movant "had not sought and did not want." *Id*. However, because the movant had specifically requested that the matter be referred to arbitration, the court was satisfied that the movant had sought a remedy under the FAA. *Id*. at 5-6. In contrast, Illumina made no such request, and instead sought "a dismissal but no decision by the arbitrator"—the exact request the First Circuit would not have entertained on appeal. *See id*. at 6.

Citing to *Bombardier* and *Fit Tech*, the Second Circuit declined to exercise jurisdiction in *Wabtec*. First, as in *Bombardier*, the *Wabtec* court strictly construed Section 16(a) as providing that "the denial of a motion to dismiss based on an arbitration clause is not an order from which an appeal may be taken." *Wabtec*, 525 F.3d at 140. Second, the *Wabtec* court emphasized that the movant "did not

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

explicitly request the district court to direct that arbitration be held" or even "implicitly petition the district court to compel arbitration." *Id.* Instead, just as Illumina did here, the movant requested dismissal "so that the dispute would be taken out of the courts." *Id.* And, like here, the movant in *Wabtec* "did not frame its arguments in terms of mandatory arbitration but in terms of *judicial preclusion.*" *Id.* (emphasis in original). Such a request "cannot be construed as a motion to compel arbitration" or for any other relief under the FAA. *Id.* at 140-41.

In 2009, the Tenth Circuit analyzed each of the foregoing cases and concluded that "to invoke the appellate jurisdiction provided in § 16(a), the defendant in the district court must either move to compel arbitration and stay litigation explicitly under the FAA, or must make it plainly apparent that he seeks only the remedies provided for by the FAA—namely, arbitration rather than any judicial determination—in his prayer for relief." *Conrad*, 585 F.3d at 1385. Here, because Illumina did not invoke the FAA in its Rule 12 motion to dismiss, *see* JA0115, it is the latter half of the *Conrad* analysis that is most relevant. And, in that analysis, the *Conrad* court joined the consensus view that "a request for judicial relief in the form of dismissal, rather than a request that the court refer the case to an arbitrator to decide" the issue is not a request "for relief under the FAA" and thus no "appellate jurisdiction exists over the denial of that motion." *Id.* at 1386. Under *Conrad*, as under each of the foregoing decisions, because Illumina

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

expressly and exclusively sought the judicial remedy of dismissal, there is no appellate jurisdiction in this case.[3]

### C. The Fourth Circuit's Approach Does Not Confer Jurisdiction

Although the Fourth Circuit has approached the issue from a slightly different perspective, its analysis does not suggest that this Court should hear Illumina's appeal. Specifically, the Fourth Circuit's analysis focused on whether a motion to dismiss seeks "enforcement" of the arbitration agreement. In *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707 (4th Cir. 2001), the court concluded that it was sufficient that the movant had "made clear" before "the district court that it was seeking enforcement of the arbitration clause" in the parties' agreement. *Id*. at 710. Similarly, in *Wheeling Hosp. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577 (4th Cir. 2012), the Fourth Circuit clarified its opinion in *Choice Hotels* and found an appealable order on the ground that the movant "stated in its motion to dismiss that it was seeking to enforce the arbitration agreement." *Id*. at 586. In so ruling, the *Wheeling* court noted that the movant "specifically argued that the court should compel" binding arbitration. *Id*.

---

[3] It was not sufficient for Illumina to argue in its motion to dismiss that arbitration is the *proper forum*, should Ariosa want to pursue its counterclaims, without requesting that the district court order the parties to arbitration. More is required to confer appellate jurisdiction over this appeal. *E.g.*, *Bombardier*, 333 F.3d at 254 (motion to dismiss "exhibited no intent to pursue arbitration"); *Wabtec*, 525 F.3d at 140 (no explicit or implicit request to compel arbitration); *Conrad*, 585 F.3d at 1386 ("request for judicial relief in the form of dismissal" was not a request "for relief under the FAA").

As a result, the Fourth Circuit's analysis—like the other circuits discussed above—has also focused on the nature of the relief requested (although from a slightly different perspective, namely whether the movant sought to enforce the arbitration agreement). As noted, under that analysis, there is still no appealable order here: Illumina did not seek to "enforce" the parties' arbitration clause; it only sought to dismiss Ariosa's claims, and left it to Ariosa to proceed accordingly.

## III. The Federal Circuit Would Have Jurisdiction to Hear this Appeal Only if 28 U.S.C. § 1292(c) Were Applicable

The Federal Circuit would be the correct circuit to hear Illumina's appeal only if this Court were to conclude that Illumina's motion to dismiss somehow could be treated as motion to compel arbitration—even though Illumina never sought an order compelling arbitration. This Court's opinion in *Microchip Tech. Inc. v. U.S. Philips Corp.*, 367 F.3d 1350 (Fed. Cir. 2004), held that the Federal Circuit, rather than a regional circuit, has jurisdiction under 28 U.S.C. § 1292(c) over an appeal of an order denying a motion to compel arbitration. *Id.* at 1355. As discussed above, however, because Illumina exclusively sought the remedy of dismissal pursuant to Fed. R. Civ. P. 12(b)(6), *Microchip* is inapplicable here and there is no appellate jurisdiction over Illumina's appeal.

## IV. Conclusion

For the foregoing reasons, the district court's Dismissal Order is not an appealable order. This Court should therefore decline to hear Illumina's appeal.

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

        Sincerely,

        */s/ David I. Gindler*

        David I. Gindler
        IRELL & MANELLA LLP
        1800 Avenue of the Stars, Suite 900
        Los Angeles, CA 90067
        Tel: (310) 277-1010

        *Attorneys for Defendant-Appellee*
        *Ariosa Diagnostics, Inc.*

IRELL & MANELLA LLP
A REGISTERED LIMITED LIABILITY LAW PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

# CERTIFICATE OF SERVICE

I, David Gindler, certify that on June 12, 2015, a copy of **ARIOSA DIAGNOSTICS, INC.'S LETTER TO DANIEL E. O'TOOLE RE: ILLUMINA, INC. V. ARIOSA DIAGNOSTICS, INC., CASE NO. 14-1815** was served upon the following in the manner indicated:

## VIA ECF

Edward R. Reines
edward.reines@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Derek C. Walter
derek.walter@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Audrey Maness
audrey.maness@weil.com
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1700
Houston, TX 77002

Michele A. Gauger
michele.gauger@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Anant N. Pradhan
anant.pradhan@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065

Dated: June 12, 2015

*/s/ David I. Gindler*
David I. Gindler

3437068